(No. 75-CV-54—

DOLLY S. COLEMEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 23, 1975.*

DOLLY S. COLEMAN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on June 29, 1974, at approximately 2:30 p.m., on Lake Street near Austin Boulevard, Oak Park, Illinois. Dolly Coleman, claimant, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set

forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That on June 29, 1974, the claimant was struck and knocked down by a bicycle ridden by an 11-year-old boy. Both her wrists were fractured. A further and more detailed summary of the facts and information considered by the Court.

4. There was no indication whatsoever that the claimant was a relative or ever shared the same household with the assailant.

5. There was no evidence to indicate that the claimant's injuries were attributable to her wrongful act or substantial provocation of her assailant.

6. All claimant's medical and hospital bills were paid by Public Aid.

7. Claimant was unemployed and, therefore, suffered no loss of earnings as a result of her injury.

8. The only pecuniary loss sustained by the claimant was $12/day for 75 days or $900 she paid a woman to take care of her by cooking, shopping, cleaning, and other household help.

9. Claimant has met the statutory filing time for all necessary documents.

10. The Attorney General's office has verified the facts of this case and submits that the requirements of the Act have not been met and the claim is, therefore, not compensable thereunder.